UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WILLIAMS,

        Petitioner,                                    Case Number 17-10877

v.                                                  Honorable David M. Lawson

RANDALL HAAS,

        Respondent.
_____/

## ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

Petitioner Maurice Williams, presently confined at the Macomb Correctional Facility, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams was convicted in Wayne County, Michigan circuit court of armed robbery, in violation of Mich. Comp. Laws § 750.529. On September 9, 2011, he was sentenced as a fourth habitual offender to life in prison. Williams filed a claim of appeal arguing, among other things, that the trial court improperly allowed the prosecutor to amend the information to raise Williams's habitual offender notice from second habitual offender to fourth habitual offender status, and he argued that the trial court erred by departing from the sentencing guidelines without providing a substantial and compelling reason to justify the departure. The Michigan Court of Appeals agreed with Williams and remanded the matter for resentencing, but otherwise affirmed his conviction. *People v. Williams*, 2014 WL 198997 (Mich. Ct. App. Jan. 16, 2014). The state supreme court denied leave to appeal on June 24, 2014, *People v. Williams*, 496 Mich. 859, 847 N.W.2d 632 (2014).

On remand, the trial court resentenced Williams as a second habitual offender within the guideline range. *People v. Williams*, 2016 WL 7427110, at *1 (Mich. Ct. App. Dec. 20, 2016).

Williams again filed an appeal. Because of a change in Michigan's sentencing scheme, the Court of Appeals remanded the case and directed the trial court to resentence Williams consistent with *People v. Lockridge*, 498 Mich. 358; 870 NW2d 502 (2015). *Id.* at \*3. Williams filed an application for leave to appeal the appellate decision and the matter is currently pending before the Michigan Supreme Court. According to the state court docket, Williams has yet to be resentenced. Williams also filed a motion for relief from judgment on November 20, 2014, which was denied on March 18, 2015.

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4. The Court will dismiss the petition because the petitioner's papers plainly demonstrate that he is not entitled to relief because Williams is not seeking review of a final judgment. *See* Rule 4, Rules Governing § 2254 Cases.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Once Williams is resentenced, his sentence will become final after "the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Bd. v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); *see also United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) ("'The criminal proceeding has ended' — once the [trial] court has entered a final sentence and conviction and once all appellate avenues have been explored or lapsed.") (quoting 3 Charles Alan Wright et al., Federal Practice and Procedure § 622 (4th ed. 2015)). Williams's conviction is not final because he is still awaiting resentencing and direct review is still available to him.

Williams also filed a motion to stay proceedings and hold his petition in abeyance to allow him to exhaust a number of claims not raised in his earlier appeals. A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). As noted above, Williams's state court conviction has not become final and therefore the one year time limit to file his habeas corpus petition has not started. Because the petitioner is not seeking collateral review of a final state court judgment, the Court will deny the petition without prejudice and dismiss his motion to stay as moot.

Accordingly, it is **ORDERED** that the petitioner's petition for a writ of habeas corpus is **DENIED** without prejudice.

It is further ordered that the petitioner's motion to stay proceedings and hold petition in abeyance [dkt. #7] is **DENIED** as moot.

                                       s/David M. Lawson
                                       DAVID M. LAWSON
                                       United States District Judge

Dated: May 23, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2017.

        s/Susan Pinkowski
        SUSAN PINKOWSKI